

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KENT E. HOVIND, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:13-1177-MGL-PJG |
| § | |
| WILLIAM G. ANDERSON, JOHN DOE, § | |
| MR. DIAL, and THREE UNKNOWN NAMED § | |
| JOHN JANE DOE BOP EMPLOYEES, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION TO DISMISS

This case was filed as a *Bivens* action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant Anderson and Defendant Dial's (Defendants) motion to dismiss be granted. Because it does not appear that the remaining defendants were served, the Magistrate Judge recommends that the claims against those defendants be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 6, 2014, and the Clerk of Court entered Plaintiff's objections on March 21, 2014. Defendants then filed a reply to the objections on March 25, 2014, to which Plaintiff responded on April 7, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff argues that Defendants violated his constitutional rights by withholding his legal materials from him such that he was unable to file a timely 28 U.S.C. § 2255 motion. The Magistrate Judge recommends, however, that Defendants are entitled to qualified immunity. The Court agrees.

"To resolve a qualified immunity defense, the [C]ourt must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct." Report 8 (citing *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

One who alleges a violation of a constitutional right of access to the court, as Plaintiff has done here, must demonstrate that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue a claim or defense. *See Lewis v. Casey*, 518 U.S. 343 (1996) (holding that an access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim). When setting forth such a claim, the plaintiff is unable to rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

2

As the Magistrate Judge observes, even though Plaintiff "suggests that the defendants' actions prevented him from timely filing his § 2255 petition, he fails to identify any claim that would have resulted in the overturning of his conviction." Report 9. In other words, he fails to establish any actual injury. Moreover, "[r]eview of the filings and rulings in the § 2255 action at issue reveal that [Plaintiff] ultimately presented his arguments regarding the delay of his legal boxes to the district court in support of his requests for relief." Report 9-10 (citation omitted). Consequently, because the facts alleged, taken in the light most favorable to Plaintiff, fail to show that Defendants' conduct violated a constitutional right, Defendants are entitled to qualified immunity.

Plaintiff spends a great deal of time in his objections responding to the Magistrate Judge's comment that, "to the extent that [Plaintiff's] claim rests on negligent conduct by the defendants . . . such allegations are insufficient to state a claim of denial of access to the courts." Report 9. The recommendation did not, however, rest solely on this ground. Instead, the primary bases for the recommendation that there was no constitutional claim was (1) Plaintiff's failure to "identify any claim that would have resulted in the overturning of his conviction," Report 9, and (2) that Plaintiff had already "presented his arguments regarding the delay of his legal boxes to the district court in support of [his] requests for relief," Report 9-10. The remainder of Plaintiff's objections generally consists of arguments against these two bases. Inasmuch as the Magistrate Judge has already considered and rejected those arguments, and the Court agrees with the Magistrate Judge's discussion as to those issues, it will not restate the analysis here.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of this Court that Defendants' motion to dismiss is **GRANTED** and the claims against the remaining defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 18th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4